IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) | No. 32172-0-III |
| | ) | |
| WALDO EMERSON WALDRON-RAMSEY, | ) | |
| | ) | UNPUBLISHED OPINION |
| | ) | |
| Petitioner. | ) | |
| | ) | |

SIDDOWAY, C.J. — Waldo Emerson Waldron-Ramsey is currently in the custody of the Department of Corrections (DOC) serving a sentence for his 1989 Spokane County conviction of first degree murder. He filed this personal restraint petition challenging the DOC's decision to rescind previously-awarded presentence early release credit for jail time served in New York while fighting extradition to Spokane County to face the murder charge. He contends the DOC's denial of the early release credits for time served solely on the Spokane County murder cause—even though in a New York jail—violates equal protection.[1] Because the DOC has now determined Mr. Waldron-Ramsey is

---

[1] Upon determination that Mr. Waldron-Ramsey is indigent and that his petition raised non-frivolous issues, the Chief Judge entered an order granting his request for appointed counsel and referring the petition to a panel of judges. RAP 16.11(b).

entitled to the disputed credits and has correctly calculated his new prison early release date, we dismiss the petition.

## FACTS AND PROCEDURE

When Mr. Waldron-Ramsey committed his crime in 1985, there was no statutory authorization for county jails to award good time credit for prison-bound offenders. Rather, it was then up to the DOC to develop and promulgate procedures by which the terms of a sentence may be reduced by earned early release time for good behavior and good performance, as determined by the DOC. *See* former RCW 9.94A.150(1) (1985). In 1990, the Washington Supreme Court held in *In re Mota*, that equal protection principles require that indigent prisoners who cannot make bail prior to trial and sentencing are entitled to receive early release credit for the time period spent in county jail awaiting sentencing. *In re Mota*, 114 Wn.2d 465, 473, 788 P.2d 538 (1990). As of 2010, in light of *Mota*, the DOC had awarded Mr. Waldron-Ramsey 666 days of jail early release credit based on 1331 days served in county jail in New York and Spokane County. In 2013, however, the DOC audited Mr. Waldron-Ramsey's sentence structure and adjusted his jail early release time downward from 666 to 554 days, in effect revoking 112 days of New York early release credit and extending his prison early release date. When the DOC refused to restore those credits, Mr. Waldron-Ramsey filed this petition alleging violation of his equal protection rights under *Mota*.

DISCUSSION

In its initial and supplemental responses to Mr. Waldron-Ramsey's petition, the DOC took the position that he was entitled to (and was in fact awarded) day-for-day credit for jail time served in New York while fighting extradition, but not early release credit because he was in a jail that did not award those credits. But subsequently, effective January 12, 2015, the DOC instituted a new early release policy that allows inmates to receive presentence early release credits for time spent fighting extradition. The policy states:

> Offenders serving presentence time in another jurisdiction (e.g. juvenile detention center, another state/jurisdiction even if fighting extradition, etc.) will receive jail credit if serving solely on the Washington State charge. The Department will request documentation from the other jurisdiction of dates of incarceration and any early release time lost. The Department will calculate ERT for the presentence time spent in the facility at the rate earned in the Department.

Dep't of Corrections Policy Directive 350.100(V)(C) (Jan. 12, 2015).

In light of this policy, the DOC has determined Mr. Waldron-Ramsey is entitled to the early release credits attributable to his New York jail time. The DOC has re-credited him so that his county jail early release credits for New York and Spokane County now total 665 days. This renders his equal protection arguments moot, and we decline to address that issue because it is unlikely to recur under the DOC's new policy. *See Sorenson v. City of Bellingham*, 80 Wn.2d 547, 558, 496 P.2d 512 (1972) (courts generally will not review a moot issue, but may do so if it involves matters of continuing

3

and substantial public interest).

Still in question, however, is whether the DOC correctly calculated Mr. Waldron-Ramsey's new prison early release date of August 6, 2018, after re-crediting him with the New York early release time. He contends he is entitled to 666 days of jail early release time, instead of the 665 days now awarded by the DOC.

Since the calculation is a decision for which Mr. Waldron-Ramsey has had no prior opportunity for judicial review, he must show that he is under restraint and the restraint is unlawful. *In re Pers. Restraint of Cashaw*, 123 Wn.2d 138, 148-49, 866 P.2d 8 (1994); RAP 16.4(a), (c). Mr. Waldron-Ramsey remains under the restraint of his prison sentence, but to obtain relief he must show either a constitutional violation or a violation of state law. *Id.* at 148; RAP 16.4(c)(2), (6). Given that the constitutional equal protection issue is resolved, the question is whether the DOC's early release date calculation comports with state law—in this case Sentencing Reform Act provisions that govern early release from prison.

Mr. Waldron-Ramsey committed his crime on October 21, 1985. He is thus eligible to earn aggregate earned release time not to exceed one-third of the total sentence. *See* former RCW 9.94A.150(1), *recodified as* RCW 9.94A.729(3)(e). When an inmate's early release percentage is one-third of the total sentence, the jail early release time equals one-third of the entire jail sentence and the period of incarceration is two-thirds. This means that jail early release time is 50 percent of jail time served (i.e.,

4

one-third is 50 percent of two-thirds). *See In re Pers. Restraint of Williams*, 121 Wn.2d 655, 658-59, 853 P.2d 444 (1993). It is undisputed that Mr. Waldron-Ramsey served a total of 1331 days of presentence county jail time—1108 days in the Spokane County Jail and 223 days in the New York jail. He thus contends he is entitled to the 666 days of jail early release credit previously awarded.

But under the above formula, Mr. Waldron-Ramsey's early release time is half of 1331 days or 665.5 days, which the DOC has properly rounded down to 665 days so as to not exceed the statutory maximum aggregate of one-third of the total sentence allowed under RCW 9.94A.729(3)(e). The DOC was thus mistaken when it previously awarded him 666 days of credit. *See In re Pers. Restraint of Fogle*, 128 Wn.2d 56, 61, 904 P.2d 722 (1995) (inmates do not have a statutorily created right to a specific method of calculating early release credits).

Mr. Waldron-Ramsey's sentence for the murder is 575 months, or 17,501 days in length. *See* Second Supplemental Response of the Department of Corrections, Exhibit 11. The DOC has credited him with 1331 days of jail time served and 665 days of jail early release credit, for a total of 1996 days of jail credits. *Id.* Subtracting that total from the 17,501-day sentence leaves 15,505 days to serve in DOC custody. If Mr. Waldron-Ramsey were to receive all of his DOC early release credits, his time to serve would be two-thirds of 15,505 or 10,336.67 days. He has thus far lost 145 days of good conduct time and has missed earning 157.14 days of earned time. *Id.* Adding those days to the

10,336.67 days left to serve results in 10,638.81 days—rounded up to 10,639 days left to serve in the DOC. Adding 10,639 days to Mr. Waldron-Ramsey's DOC start time of June 20, 1989, results in an early release date of August 6, 2018. *Id.* This correctly-calculated early release date accounts for the New York early release time that the DOC has fully re-credited to Mr. Waldron-Ramsey.

In light of the DOC's re-crediting Mr. Waldron-Ramsey with his New York earned early release time and its correct calculation of his earned early release date, all available relief has been provided to him and he is not under unlawful restraint. RAP 16.4(c).

Petition dismissed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Siddoway, C.J.

WE CONCUR:

Fearing, J.

Lawrence-Berrey, J.

6